IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOUGLAS A. AKINS,⁣ )
)
    Plaintiff )    Case No. 18-395
)
vs. )
)    RICHARD A. LANZILLO
CITY OF ERIE )    UNITED STATES MAGISTRATE JUDGE
POLICE DEPARTMENT, et al., )
)
    Defendants )    AMENDED MEMORANDUM OPINION
)    ON DEFENDANTS' MOTION TO
)    DISMISS AMENDED COMPLAINT
)    [ECF No. 21]
)
)
)

I.    Introduction

    Plaintiff Douglas Akins (Akins) commenced this civil rights action pursuant to 42 U.S.C.

§ 1983 against the City of Erie Police Department (EPD), the EPD's Chief, Donald Dacus (Chief

Dacus), and an EPD officer, Timothy Sweeney (Officer Sweeney). Akins' Amended Complaint

(ECF No. 20) asserts federal constitutional claims based on false arrest, false imprisonment and

malicious prosecution. Defendants have filed a Motion to Dismiss the Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 21. They argue that the Amended

Complaint fails to state a claim for false arrest, false imprisonment or malicious prosecution against

Officer Sweeney or a claim for supervisory or municipal liability against Chief Dacus or the EPD.

Finally, Defendants argue in the alternative that Officer Sweeney and Chief Dacus are entitled to

qualified immunity. For the reasons discussed below, Defendants' motion will be granted.[1]

---

[1] All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28
U.S.C. § 636. See ECF Nos. 5. 16.

1

II.  Standard of Review and Scope of Record

A.  Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. *Pro se* Litigants

While the foregoing principles and requirements apply to all federal court complaints, *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se complaint to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C. Cir. 1992); *Freeman v. Dep't of Corrections*, 949 F.2d 360 (10th Cir. 1991).

### C. Scope of Record

As a preliminary matter, the Court will address whether it may consider certain documents that Defendants have attached to their motion to dismiss that Akins did not include as exhibits to his Amended Complaint. When ruling upon a motion to dismiss pursuant to Rule 12(b)(6), the

court must "generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A court may take judicial notice of documents filed in other court proceedings because they are matters of public record. *Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013). A court cannot, however, rely on these public records to establish facts. *Lum*, 361 F.3d at 221 n.3 ("While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion."). Apropos to this case, the Third Circuit has held that "public records" properly considered for the purpose of a Rule 12(b)(6) motion include "criminal case dispositions such as convictions or mistrials[.]" *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993).

Defendants have attached the following public records as exhibits to their motion: a criminal complaint that Officer Sweeney submitted on April 22, 2017, charging Akins with unlawful possession of a firearm and public drunkenness (Exhibit A, ECF No. 21-1), an Erie County Court of Common Pleas (ECCCP) court summary and docket documenting Akins' prior felony conviction in that court (Exhibit B, ECF No. 21-2), ECCCP docket CP-25-CR-0001614-2017 for proceedings relating to the criminal charges filed against Akins on April 22, 2017 (Exhibit C, ECF No. 21-3), and the verdict forms entered on September 12, 2017, following the trial of the criminal charges filed against Akins on April 22, 2017 (Exhibit D, ECF No. 21-4).

The Court will take judicial notice of Exhibit B and, as memorialized therein, the fact that Akins was the subject of a felony conviction prior to his arrest on April 22, 2017, and Exhibit C, which memorializes Akins' September 12, 2017 acquittal on the unlawful firearm possession charge and his conviction on the public drunkenness charge. Both are state court dockets and courts within

the Third Circuit routinely take judicial notice of such public records. *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."); *see, e.g., Mollett v. Leith*, 2011 WL 5407359, at *2 (W.D. Pa. Nov. 8, 2011) ("A court may also take judicial notice of the docket in Plaintiff's underlying criminal trial.").

The Court will also take judicial notice of Exhibit A, the criminal complaint, but only for the limited purpose of identifying the charges against Akins (public drunkenness and felon in possession of prohibited firearm). *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422–23 (M.D. Pa. 2017) (taking judicial notice of underlying criminal complaint as an "indisputably authentic document upon which Plaintiff's complaint is based[,]" but not taking the allegations contained therein as true). Finally, the Court will take judicial notice of Exhibit D, which memorializes the September 12, 2017 verdicts on the criminal charges against Akins. Although the verdicts are cumulative with the information provided by the criminal dockets, they are public records and properly the subject of judicial notice.

Subject to the foregoing standard of review and scope of the record, the Court now turns to facts relevant to Akins' claims.

III.    Factual Background

Akins' claims arise out of events on and after April 22, 2017. In his Amended Complaint, Akins alleges that on that date he called 9-1-1 to report a domestic altercation, that Officer Sweeney responded to the call and upon his arrival, "he found a rifle outside [Akins'] residence in a field with tall grass." ECF No. 20, ¶¶ 8-10. Officer Sweeney arrested Akins and transported him to the EPD station. *Id.* at ¶ 11. According to the Amended Complaint, Officer Sweeney conducted a background check after the arrest and discovered that Akins' criminal record included a felony conviction. *Id.* at ¶ 12. The Amended Complaint alleges that Officer Sweeney then filed a criminal complaint against Akins charging him with being a person prohibited from possessing a firearm in

violation of 18 Pa. C.S.A. § 6105.[2] *Id.* at ¶¶ 12-13. This allegation is consistent with the criminal complaint, but not complete. The criminal complaint also charged Akins with public drunkenness in violation of Pa. C.S.A. § 5505.[3] ECF No. 21-1. The criminal complaint alleged specifically that Akins was involved in a domestic argument with his wife inside and outside of their residence and that after calling 9-1-1 for police assistance, "he went outside carrying a rifle he kept in his apartment…." The criminal complaint further alleged that "when police arrived, he tossed [the rifle] into the grass" and that Sweeney personally recovered the "unloaded" rifle "from grass in front of house…." *Id.* The Amended Complaint alleges, however, that Officer Sweeney later testified at a preliminary hearing on the charges that he did not see Akins in possession of the rifle. ECF No. 20, ¶ 14. Regarding the charge of public drunkenness, the criminal complaint also stated that Officer Sweeney personally observed that Akins had "AOB [alcohol on breath], slurred speech, confused demeanor, clumsy gait and actions." *Id.* The criminal complaint asserted that Sweeney checked computerized criminal history records and discovered that Akins had "at least one felony drug conviction." *Id.* Following a trial, a jury acquitted Akins of violating 18 Pa. C.S.A. § 6105(a)(1), the unlawful possession of a firearm charge. ECF No. 20, ¶ 15; ECF Nos. 17-3 & 17-4. But, following the same trial, a judge convicted Akins of the summary offense charge of public drunkenness. ECF Nos. 17-3 & 17-4.

---

[2] Section 6105(a) states in relevant part:

(a) Offense defined.--
(1) A person who has been convicted of an offense enumerated in subsection (b) [listing offenses], within or without this Commonwealth, regardless of the length of sentence … shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

[3] Section 5505 states in relevant part:

Public drunkenness and similar misconduct.
A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol … to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity. A person convicted of violating this section may be sentenced to pay a fine of not more than $500 for the first violation and not more than $1,000 for the second and each subsequent violation.

IV.    Analysis

The various claims against each Defendant will be addressed in turn.

A.    Officer Sweeney

Akins alleges that Officer Sweeney violated the Fourth and Fourteenth Amendments to the U.S. Constitution by committing the constitutional torts of false arrest, false imprisonment and malicious prosecution.

1.    The Amended Complaint Fails to State a Claim for False Arrest.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). Here, Akins' false arrest claim fails as a matter of law because his subsequent conviction on the public drunkenness charge precludes a finding that Officer Sweeney arrested him without probable cause. Probable cause is conclusively established in a § 1983 false arrest action where the record demonstrates that the plaintiff was convicted of one of the offenses upon which the arrest was based, so long as the conviction has not been overturned. *See Shelley v. Wilson*, 339 Fed. App. 136, 139 (3d Cir. 2009) ("The jury's finding that Shelley committed each element of these offenses beyond a reasonable doubt defeats his assertion that there was no probable cause to arrest him."); *Berete v. Cortazzo*, 2012 WL 6628040, at *3 (E.D. Pa. Dec. 18, 2012) ("Probable cause for a § 1983 unlawful arrest claim is likewise established by guilty plea or conviction, although not where the conviction is later overturned.").

Additionally, a defendant is insulated from false arrest liability so long as "[p]robable cause .... exist[ed] as to any offense that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d at 819. *See also Startzell v. City of Phila.*, 533 F.3d 183, 204 n.14 (3d Cir. 2008) (where a

plaintiff is arrested for multiple charges, establishing probable cause on one charge is enough to defeat a false arrest claim). Thus, "there need not have been probable cause supporting charges for every offense for which an officer arrested a plaintiff for the arresting officer to defeat a claim of false arrest." *Johnson v. Knorr*, 477 F.3d 75, 84–85 (3d Cir. 2007) (*citing Wright v. City of Philadelphia*, 409 F.3d 595, 602-04 (3d Cir.2005). The rationale of this rule is that "[t]he existence of probable cause [for one offense] ... justifie[s] the arrest-and defeats [the plaintiff's] claim of false arrest-even if there was insufficient cause to arrest on the [second offense] alone." *Edwards v. City of Philadelphia*, 860 F.2d 568, 576 (3d Cir.1988).

In this case, the ECCCP docket confirms that Akins was convicted of public drunkenness and that he did not appeal. *See* ECF No. 22-C. This conviction conclusively establishes that probable cause existed to arrest him for that offense. Further, because probable cause existed for one of the offenses for which he was arrested, the arrest was valid regardless of whether probable cause existed for the charge of illegal possession of a firearm. Accordingly, as a matter of law, Akins' Amended Complaint fails to state a claim of false arrest.

2. The Amended Complaint Fails to State a Claim for False Imprisonment.

Although similar in nature, a false imprisonment claim is not synonymous with a false arrest claim. A false imprisonment claim arises when a person is arrested without probable cause *and is subsequently detained pursuant to that unlawful arrest. See Adams v. Officer Eric Selhorst*, 449 Fed. App. 198, 201 (3d Cir. 2011) (citing *Groman*, 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, 2012 WL 273887, at 4 n.2 (D.N.J. Jan.31, 2012) (citing *Groman*, 47 F.3d at 636). It may seem that Akins' false imprisonment claim must fail given that the Court has determined that probable cause existed for Officer Sweeney to arrest Akins for public drunkenness, and lack of probable cause is a required element of both claims. It is not clear, however, that Akins would have

been detained prior to his trial if the only charge against him had been public drunkenness. Public drunkenness is a summary offense. The unlawful possession of a firearm offense charge is a felony. Arguably, therefore, any imprisonment awaiting trial that Akins endured likely would not have occurred had he not been charged with the firearm offense—an offense concerning which he disputes the existence of probable cause. Accordingly, the Court will address whether Akins has alleged facts to support the absence of probable cause as to this charge. He has not.

In support of probable cause for the firearm violation, the criminal complaint asserted that Akins had been involved in a domestic argument and that he called 9-1-1 for assistance. This assertion is consistent with the allegations of Akins' Amended Complaint. The criminal complaint further alleged that Akins "went outside carrying a rifle he kept in his apartment" and that "he tossed [the rifle] into the grass" when the police arrived. The Amended Complaint alleges, however, that Officer Sweeney later testified at a preliminary hearing on the charges that he did not see Akins in possession of the rifle. ECF No. 20, ¶ 14. Thus, by alleging that Officer Sweeney did not personally observe Akins carry the rifle from his apartment and toss it into the grass, Akins' Amended Complaint arguably implies, *but clearly does not allege*, that Akins did not engage in these acts. The flaw in Akins' coy style of pleading is that a police officer may base probable cause on information beyond what he personally observes. Information can come to the officer from eyewitnesses and other officers on the scene as well as circumstantial evidence at the scene. *See e.g., United States v. Belle*, 593 F.2d 487, 497 n. 15 (3d Cir. 1979) ("The collective knowledge of the investigating officers is measured in determining probable cause"). The totality of the facts and circumstances need only support a reasonable belief on the part of the arresting officer at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

In *D.C. v. Wesby*, --U.S.--, 138 S. Ct. 577 (2018), the Supreme Court summarized the

principles applicable to determining probable cause for a warrantless arrest as follows:

> To determine whether an officer had probable cause for an
> arrest, "we examine the events leading up to the arrest, and
> then decide 'whether these historical facts, viewed from the
> standpoint of an objectively reasonable police officer, amount
> to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371, 124
> S.Ct. 795, 157 L.Ed.2d 769 (2003) (*quoting Ornelas v. United
> States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911
> (1996)). Because probable cause "deals with probabilities and
> depends on the totality of the circumstances," 540 U.S., at
> 371, 124 S.Ct. 795, it is "a fluid concept" that is "not readily,
> or even usefully, reduced to a neat set of legal rules," *Illinois v.
> Gates*, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527
> (1983). It "requires only a probability or substantial chance of
> criminal activity, not an actual showing of such activity." *Id.*,
> at 243–244, n. 13, 103 S.Ct. 2317 (1983). Probable cause "is
> not a high bar." *Kaley v. United States*, 571 U.S. --, --, 134 S.Ct.
> 1090, 1103, 188 L.Ed.2d 46 (2014).

138 S. Ct. at 586.

Although the criminal complaint prepared by Officer Sweeney does not state the source of

the information regarding Akins' alleged possession of the rifle, it also does not represent that

Officer Sweeney personally observed him carrying and tossing the rifle. Officer Sweeney

represented only that he personally retrieved the rifle from in front of Akins' apartment. Thus, the

Amended Complaint implies an inconsistency between Officer Sweeney's criminal complaint and his

testimony at the preliminary hearing that does not exist. Rather than alleging that Akins, as a matter

of fact, did not carry the rifle from his apartment and toss it into the grass, the Amended Complaint

simply asserts that Officer Sweeney admitted that he did not personally see him do so. The

Amended Complaint does not allege facts to infer that Officer Sweeney lacked a good faith basis to

support the statements in the criminal complaint. Akins could have done so simply by alleging that

he did not engage in the conduct described by Officer Sweeney and that Officer Sweeney did not

have any credible information to support a contrary conclusion when he arrested Akins. Akins has

10

alleged no such facts. Although Akins has alleged in conclusory fashion that Sweeney made false statements in the criminal complaint (*see* ECF No. 20, ¶ 16), he has not specifically identified any such false statement.[4]

The Amended Complaint also alleges that Officer Sweeney did not discover that he was a convicted felon prohibited from possessing a firearm until after he arrested Akins. Thus, Akins asserts that Officer Sweeney lacked probable cause to arrest him on this charge because, at the moment of his arrest, Officer Sweeney did not know he was a convicted felon. The flaw in this logic is that Officer Sweeney indisputably had probable cause to arrest Akins on the public drunkenness charge and, even under Akins' theory, probable cause as to the "convicted felon" element of the firearms charge would have ripened as soon as Officer Sweeney checked Akins' criminal records background. Akins' own Amended Complaint acknowledges that his record confirms a prior felony conviction. Because Akins' Amended Complaint does not support a plausible inference that Officer Sweeney lacked probable cause for charges against Akins, his false imprisonment claim will be dismissed.

3. The Amended Complaint Fails to State a Claim of Malicious Prosecution.

In order to state a claim for malicious prosecution under § 1983, a plaintiff must allege facts that show: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered

---

[4] In making this observation, the Court need not, and has not, made any assessments of the credibility of Officer Sweeney's statements in the criminal complaint. The Court has simply observed that the Amended Complaint has failed to allege facts to support an inference that any statement in the criminal complaint was false or that probable cause was lacking when Officer Sweeney initiated the charges against Akins. As the Court of Appeals has instructed, the Court is to disregard inferences that are unsupported by facts set forth in the plaintiff's complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007).

Akins' Amended Complaint easily pleads facts to support the first element of his claim--Officer Sweeney's initiation of the criminal proceeding against Akins. The Amended Complaint and the public record also support the second element. Although Akins was convicted of the public drunkenness charge, he was acquitted of the firearms violation. A favorable outcome as to less than all charges can adequately satisfy this element of the cause of action. *See e.g., Piazza v. Lakkis*, 2012 WL 2007112, at *10 (M.D. Pa. June 5, 2012); *Jackson v. Nassan*, 2009 WL 2707447, at *4 (W.D. Pa. Aug. 26, 2009).

The Amended Complaint is inadequate, however, to support the third element—lack of probable cause, and the fourth element—malicious or other improper intent. The allegations of the Amended Complaint fail to support the lack of probable cause element for the reasons discussed above.[5] As to the fourth element, "[m]alice has been stated to include ill-will in the sense of spite, the use of a prosecution for an extraneous, improper purpose, or the reckless and oppressive disregard of the plaintiff's rights." *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir.1988); *Hugee v. Pennsylvania R. Co.*, 376 Pa. 286, 101 A.2d 740, 743 (1954). Additionally, malice may be inferred from the absence of probable cause. *See Kelley v. General Teamsters, Chauffeurs, and Helpers, Local Union 249*, 518 Pa. 517, 544 A.2d 940, 941 (1988); *Hugee*, 101 A.2d at 743.

In support of this element, Akins alleges:

> Defendant officer Timmothy (sic) Sweeney did knowingly
> and deliberately or with reckless disregard or deliberate

---

[5] The analysis of probable cause is more complex in the context of Akins' malicious prosecution claim because "[p]robable cause for one charge in an alleged malicious prosecution does not necessarily defeat a plaintiff's claims for malicious prosecution as to the other charges" *Campeggio v. Upper Pottsgrove Twp.*, 2014 WL 4435396, at *9 (E.D. Pa. Sept. 8, 2014) (*citing Johnson v. Knorr*, 477 F.3d 75, 82–83 (3d Cir.2007)). "Malicious prosecution claims can be examined on a charge-by-charge basis for probable cause to the extent that the plaintiff was additionally burdened by defending herself against prosecution on multiple charges." *Id.* Because the Court has found Akins' allegations regarding this element wanting as to both his false imprisonment and malicious prosecution claims, albeit for different reasons, no further analysis is necessary.

> indifference for the truth, where in his criminal complaint he
> included false statements, omissions of material facts, and
> failed to provide full and fair information in his criminal
> complaint to the district magistrate in order to influence the
> magistrates (sic) decision in determining Probable Cause
> which was a direct result of the false arrest, false
> imprisonment, and his malicious prosecution, in violation of
> the plaintiff's 4[th] amendment right to be free from unlawful
> and unreasonable searches and seizures and malicious
> prosecution.

ECF No. 20, ¶ 16.

"Labels and conclusions" such as those asserted by Akins are insufficient to support a plausible inference of malice or improper purpose on the part of Officer Sweeney. *See Twombly*, 550 U.S. at 555. This Court need not accept the inferences drawn by Akins because they are unsupported by facts set forth in the Amended Complaint. *See California Pub. Employee Ret. Sys.*, 394 F.3d at 143 (citing *Morse*, 132 F.3d at 906. The Court likewise rejects Akins' legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555.

Because the Amended Complaint fails to allege facts to infer a lack of probable cause for Akins' prosecution or that Officer Sweeney initiated and pursued the prosecution for a malicious or other improper motive, his claim of malicious prosecution against Officer Sweeney must be dismissed.

4. Officer Sweeney is also Entitled to Qualified Immunity Based Upon Akins' Failure to Support a Constitutional Claim Against Him.

Officer Sweeney argues that he is protected by the doctrine of qualified immunity. Given its conclusions above, the Court will only briefly address this argument. Qualified immunity "shield[s] [government actors] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (alterations in original) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "When the material facts are not in dispute, the district court may decide

13

whether a government official is shielded by qualified immunity as a matter of law." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (citing *Anderson v. Creighton*, 483 U.S. 635, 639 n.6 (1987)).

The Supreme Court has mandated a two-step process for resolving issues of qualified immunity. First, "a court must decide whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the plaintiff has satisfied this first step, the court must next decide "whether the law clearly established that the [defendant's] conduct was unlawful in the circumstances of the case" at the time of defendant's alleged misconduct. *Id.* In *Mann v. Palmerton Area Sch. District*, our Court of Appeals emphasized that the "clearly established" prong of the qualified immunity inquiry must be analyzed "at the appropriate level of specificity." 872 F.3d 165, 173 (3d Cir. 2017). In other words, qualified immunity is only denied where factually similar precedent exists that would have placed the defendant on notice that his specific conduct was constitutionally unlawful. *Id.* (noting that a court must "frame the right at issue in a more particularized, and hence more relevant, sense, in light of the case's specific context, not as a broad general proposition.") (quoting *Spady v. Bethlehem Area Sch. District*, 800 F.3d 633, 638 (3d Cir. 2015)).

Since this Court has already found that Akins has failed to state a Fourth Amendment claim against Officer Sweeney, qualified immunity applies and there is no need to reach the second step in the *Saucier* analysis—whether Officer Sweeney's alleged conduct violated clearly established law.[6]

---

[6] The Court's dismissal of Akins' false arrest claim is with prejudice because the legal deficiency of that claim cannot be cured by amendment. However, the Court intends to grant Akins leave to file a second amended complaint to attempt to cure the pleading deficiencies identified in his false imprisonment and malicious prosecution claims against Officer Sweeney. If Akins elects to file a second amended complaint and successfully cures the deficiencies in one or both claims, the Court's finding that qualified immunity applies will be vacated without prejudice to Defendants right to reassert the defense.

B. Chief Dacus and the EPD[7]

Akins asserts a municipal liability claim against the EPD under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and a supervisory liability claim against Chief Dacus. These claims are dependent on Akins' alleging a viable constitutional claim against Officer Sweeney. Because the Court has held that Akins has failed to do so, it could also dismiss the failure to supervise and train claims against Chief Dacus or the EPD on the same basis. However, because the failure to supervise and train claims are deficient for additional reasons and the Court will grant Akins leave to file a second amended complaint, the Court will separately analyze each of these claims.

In support of each claim, Akins alleges that Chief Dacus and the EPD "failed to properly train and supervise the defendant [Sweeney] in the areas of arrest and investigations and detention of suspects which advertently or inadvertently led to the plaintiffs (sic) false arrest, false imprisonment and malicious prosecution all in violation of plaintiff (sic) 4th and 14th amendment rights to the United States Constitution which guarantees him his right to be free from unreasonable searches and seizures and due process of law and equal protection of law." ECF No. 20, ¶ 17. Defendants' motion argues that, even if Akins had successfully stated a claim against Officer Sweeney, he has failed to allege facts to support either a municipal liability claim against the EPD/City of Erie or a supervisory liability claim against Chief Dacus under § 1983. The Court agrees.

A municipality is a "person" for purposes of section 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978). But § 1983 does not allow municipal liability under a theory of *respondeat superior*. *Id.* A municipality is not liable under § 1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil

---

[7] The Court notes that the EPD is not a "person" for purposes of §1983 and, therefore not amendable to suit under that statute. *See Bush v. City of Philadelphia Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (city police department is not an entity separate from the city and not a "person" subject to suit under §1983). The Court construes Akins' allegations and claims against the EPD to be an attempt to sue the City of Erie.

rights is liable only where it has in place a policy or custom that led to the violation. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). The plaintiff bears the burden of identifying the policy or custom. *Id.* This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. *Id.* Additionally, if the policy at issue relates to a failure to train or supervise municipal employees, "liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999) (*quoting City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). To state a claim of supervisory liability against Chief Dacus, Akins must plead facts to show, among other things, that he "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir.1995)).

In the present case, Akins has not alleged any facts to support the existence of a policy or custom of the EPD/City of Erie or any facts to support any basis for imposing supervisory liability upon Chief Dacus. The Amended Complaint's conclusory allegations that Defendants "failed to properly train and supervise the defendant in the areas of arrest and investigations and detention of suspects" fall materially short of the factual allegations necessary to support either theory of liability. *See Dunne v. Twp. of Springfield*, 2011 WL 2269963, at *12 (D.N.J. Jan. 31, 2011) ("Although the Second Amended Complaint conclusorily alleges that the Township utilized insufficient and improper hiring, supervisory, disciplinary, and training practices with its police personnel, Plaintiff has failed to allege sufficient facts to state a plausible claim for municipal liability on these bases."), *aff'd*, 500 F. App'x 136 (3d Cir. 2012).

Accordingly, Akins has failed to state a claim upon which relief can be granted against the EPD/City of Erie or Chief Dacus.

C.  Akins' Fourteenth Amendment Claim Against All Defendants

All Defendants seek dismissal of Akins' Fourteenth Amendment due process claim alleging unlawful searches and seizures because any such violation is actionable only under the Fourth Amendment.  Defendants are correct.  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (quotation marks omitted); *see, e.g., Tolan v. Fedorchak*, 2009 WL 3128431, at *5 (M.D. Pa. Sept. 28, 2009) (declining to address Fourteenth Amendment claims because "a specific Constitutional provision, the Fourth Amendment, provides [Plaintiff] an explicit textual source of constitutional protection against unlawful seizures.").

In this case, the Fourth Amendment protection against unreasonable searches and seizures provides an explicit textual source of constitutional protection.  All of Akins' constitutional claims allege Fourth Amendment violations and, therefore, the Fourth Amendment guides the Court's analysis.  Accordingly, any Fourteenth Amendment due process claims related to the alleged infringement of Akins' Fourth Amendment rights must be dismissed with prejudice.[8]

---

[8] To the extent Akins intended to assert a Fourteenth Amendment equal protection claim, the Court finds that the Amended Complaint fails to plead factual support to allow this Court, or the Defendants, to identify the basis, if any, for the claim.  Akins merely avers that he was denied "equal protection under the law," but his Amended Complaint alleged no factual basis whatsoever for this legal conclusion.

D.  Injunctive Relief Claim

Akins asks the Court to grant him an injunction "ordering Defendants to cease and desist from their misbehaviors by implementing a training program for the Officers in investigations and arrests." ECF No. 20, p. 4. Akins lacks standing to seek this injunctive relief in this case. "When state officials are sued in their official capacities under Section 1983, a court may grant prospective injunctive relief." *Abdul–Akbar v. Watson*, 775 F.Supp. 735, 755 (D.Del.1991) (*citing Will v. Mich. Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2311 n. 10, 105 L.Ed.2d 45 (1989)). However, "a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional." *L.A. v. Lyons*, 461 U.S. 95, 111 (1983). "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 301 (3d Cir. 2012). "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *Lyons*, 461 U.S. at 111.

In *Lyons*, the United States Supreme Court held that the plaintiff, who alleged that "the police in Los Angeles routinely apply chokeholds in situations where they are not threatened by the use of deadly force" did not have standing to seek injunctive relief. *Id.* The Court reasoned that not only would Lyons have to allege that he would have another encounter with the police, "but also to make the incredible assertion either (1) that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a

citation, or for questioning, or (2) that the City ordered or authorized police officers to act in such manner." *Lyons*, 461 U.S. at 105–06.

Here, Akins' request for injunctive relief is based solely on Officer Sweeney's single encounter with him and, therefore, Akins has not alleged any real or immediate threat that he will be wronged again. *See Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987) ("While a § 1983 plaintiff's allegation that he has suffered from unconstitutional practices may be sufficient to establish standing to sue for damages, past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief[.]"). Not only does Akins fail to allege that he will have another encounter with Officer Sweeney or the EPD, but he also fails to claim either that all EPD officials regularly violate the Fourth Amendment rights of those they encounter or that the City of Erie authorized such conduct. *See Lyons*, 461 U.S. at 105–06. Accordingly, Akins lacks standing to seek injunctive relief and his request for such relief must be dismissed.

V.      Leave to Amend

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Under Federal Rule of Civil Procedure 15(a), "courts may grant ... amendments 'when justice so requires.'" *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (citing FED. R. CIV. P. 15(a)). The Court finds that any attempt by Akins to amend his false arrest claim, his Fourteenth Amendment claim, and his claim for injunctive relief would be futile. Accordingly, those claims will be dismissed with prejudice. The Court finds, however, that amendment may not be futile as to Akins' false imprisonment claim and malicious prosecution claim against Officer Sweeney, his municipal liability claim against the City of Erie, and his supervisory

liability claim against Chief Dacus because the deficiencies in these claims arise from his failure to allege facts to support certain elements of each. To the extent Akins can allege facts to support some or all these claims, he is hereby granted leave to file a second amended complaint on or before March 6, 2020.

Akins is reminded that an amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018).

VI.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss [ECF No. 21] is GRANTED. Akins' false arrest claim, Fourteenth Amendment claim, and claim for injunctive relief are DISMISSED WITH PREJUDICE. Akins is granted leave to file a second amended complaint on or before March 6, 2020, if he wishes to attempt to cure the deficiencies of his false imprisonment claim and malicious prosecution claim against Officer Sweeney, his municipal liability claim against the City of Erie, and/or his supervisory liability claim against Chief Dacus.

Dated:  February 20, 2020

Richard A. Lanzillo
United States Magistrate Judge