IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS A. AKINS, | ) |
|     Plaintiff | ) Case No. 18-395 |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| CITY OF ERIE | ) UNITED STATES MAGISTRATE JUDGE |
| POLICE DEPARTMENT, et al., | ) |
|     Defendants | ) MEMORANDUM OPINION ON |
| | ) DEFENDANTS' MOTION TO |
| | ) DISMISS (SECOND) AMENDED |
| | ) COMPLAINT |
| | ) [ECF No. 33] |

MEMORANDUM OPINION AND ORDER

I.    Introduction

Plaintiff Douglas A. Akins (Akins) commenced this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Erie Police Department (EPD), the EPD's Chief, Donald Dacus, (Chief Dacus), and an EPD officer, Timothy Sweeney (Officer Sweeney). Akins' operative Second Amended Complaint asserts federal constitutional claims based on malicious prosecution, false imprisonment and failure to train and supervise. Pending before the Court is Defendants' Motion to Dismiss the Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 33. For the reasons discussed below, Defendants' motion will be granted.[1]

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636.

1

II.     Standard and Scope of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When ruling upon a motion to dismiss pursuant to Rule 12(b)(6), the court must "generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A court may take judicial notice of documents filed in other court proceedings because they are matters of public record. *Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013).

III.   Factual and Procedural Background

In his Second Amended Complaint, Akins alleges the following. On April 22, 2017, Akins called 9-1-1 to report a domestic altercation. ECF No. 32 ¶ 8. Officer Sweeney responded to the call and, shortly after arriving at Akins' residence, he found a rifle in a field of "tall grass." *Id.* ¶¶ 8-9. Officer Sweeney arrested Akins and transported him to the EPD station. *Id.* ¶ 9. After Akins was in custody, Officer Sweeney conducted a background check on him, which revealed that Akins was a convicted felon. *Id.* ¶ 10. Officer Sweeney then filed a criminal complaint

charging Akins with possessing a firearm in violation of 18 Pa.C.S.A. § 6105.[2] *Id.* Akins was arraigned and taken to the Erie County Prison. *Id.* ¶ 11. On September 12, 2017, following a jury trial in the Court of Common Pleas of Erie County, Akins was acquitted of violating 18 Pa.C.S.A. § 6105(a)(1). *Id.* ¶ 12.

At the same trial, the judge convicted Akins of the summary offense charge of public drunkenness. ECF No. 33-3. This charge also stemmed from the April 22, 2017, incident. *Id.*

Akins filed his original complaint in this matter in 2019. ECF No. 3. Defendants filed a Motion to Dismiss. ECF No. 17. Akins subsequently filed an Amended Complaint. ECF No. 20. Defendants filed a Motion to Dismiss the Amended Complaint. ECF No. 21. Plaintiff did not respond to the Motion to Dismiss or to an Order to Show Cause for his failure to file a response, ECF No. 25. This Court issued a Memorandum Opinion granting the Motion to Dismiss the Amended Complaint, dismissing Akins' false arrest claim, Fourteenth Amendment claim and claim for injunctive relief with prejudice. ECF No. 27. However, this Court granted Akins leave to file a second amended complaint as to his claims of false imprisonment and malicious prosecution (against Officer Sweeney), municipal liability (against the City of Erie/EPD) and/or supervisory liability (against Chief Dacus). *Id.* This Court set a due date of March 6, 2020, for the filing of the second amended complaint. *Id.* Akins sought and extension of time in which to file the second amended complaint. ECF No. 29. This Court granted an extension until April 20, 2020. ECF No. 30. On May 5, 2020, this Court issued an Order to Show Cause as to Akins' failure to file the second amended complaint. ECF No. 31. The response to the Order to Show Cause was due by May 15, 2020. *Id.* Akins filed the Second Amended Complaint on May 18, 2020. ECF No. 32.

---

[2] Section 6105(a) prohibits, *inter alia*, possession of a firearm by a person who has been convicted of certain offenses.

The pending Motion to Dismiss was filed on June 1, 2020. ECF No. 33. This Court ordered a response thereto on or before July 8, 2020. ECF No. 35. Akins did not file a response. On July 16, 2020, this Court issued an Order to Show Cause to Akins for his failure to file a response. ECF No. 36. The response to the Order to Show Cause was due on or before July 27, 2020. *Id.* On August 20, 2020, Akins filed a Motion for Extension of Time to File Brief. ECF No. 37. This Court granted an extension until September 3, 2020. ECF No. 38. On September 4, 2020, Akins sought another extension of time, citing his August 28, 2020, arrest and incarceration in the Erie County Prison. ECF No. 39. The Court denied the extension of time. ECF No. 40. Akins has not filed a response to the pending Motion to Dismiss.

IV.   Analysis

    A.   False Imprisonment

A false imprisonment claim arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *Adams v. Selhorst*, 449 Fed. App'x. 198, 201 (3d Cir. 2011). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *Johnson v. Camden Cnty. Prosecutors' Office*, 2012 WL 273887, at *4 n.2 (D.N.J. Jan. 21, 2012).

In the memorandum opinion on Defendants' Motion to Dismiss Akins' Amended Complaint, this Court determined that probable cause existed for Officer Sweeney to arrest Akins for public drunkenness. However, this Court further found that Akins' false imprisonment claim did not necessarily fail on that basis, explaining:

> It may seem that Akins' false imprisonment claim must fail given that the Court has determined that probable cause existed for Officer Sweeney to arrest Akins for public drunkenness, and lack of probable cause is a required element of both claims. It is not clear, however, that Akins would have been detained prior to his trial if the only charge against him had been public drunkenness. Public drunkenness is a summary offense. The unlawful possession of a firearm offense charge is a felony.

5

Arguably, therefore, any imprisonment awaiting trial that Akins endured likely would not have occurred had he not been charged with the firearm offense - an offense concerning which he disputes the existence of probable cause. Accordingly, the Court will address whether Akins has alleged facts to support the absence of probable cause as to this charge. He has not.

In support of probable cause for the firearm violation, the criminal complaint asserted that Akins had been involved in a domestic argument and that he called 9-1-1 for assistance. This assertion is consistent with the allegations of Akins' Amended Complaint. The criminal complaint further alleged that Akins "went outside carrying a rifle he kept in his apartment" and that "he tossed [the rifle] into the grass" when the police arrived. The Amended Complaint alleges, however, that Officer Sweeney later testified at a preliminary hearing on the charges that he did not see Akins in possession of the rifle. ECF No. 20, ¶ 14. Thus, by alleging that Officer Sweeney did not personally observe Akins carry the rifle from his apartment and toss it into the grass, Akins' Amended Complaint arguably implies, ***but clearly does not allege***, that Akins did not engage in these acts. The flaw in Akins' coy style of pleading is that a police officer may base probable cause on information beyond what he personally observes. Information can come to the officer from eyewitnesses and other officers on the scene as well as circumstantial evidence at the scene. *See e.g., United States v. Belle*, 593 F.2d 487, 497 n. 15 (3d Cir. 1979) ("The collective knowledge of the investigating officers is measured in determining probable cause"). The totality of the facts and circumstances need only support a reasonable belief on the part of the arresting officer at the time of the arrest that an offense is being committed, a significantly lower burden that proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

In *D.C. v. Wesby*, -- U.S. --, 138 S. Ct. 577 (2018), the Supreme Court summarized the principles applicable to determining probable cause for a warrantless arrest as follows:

> To determine whether an officer had probable cause for an arrest, "we examine the events leading up to the arrest, and then decided 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 157 L.Ed.2d 769 (2003) (*quoting Ornelas v. United States*, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L.Ed.2d 911 (1996)). Because probable cause "deals with probabilities and depends on the totality of the circumstances," 540 U.S., at 371, 124 S. Ct. 795, it is a "fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules," *Illinois v. Gates*, 462 U.S. 213, 232, 103 S. Ct. 2317, 76 L.Ed.2d 527 (1983). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id., at 243-44*, n. 13, 103 S. Ct. 2317 (1983). Probable cause "is not a high bar." *Kaley v. United States*, 571 U.S. --, --, 134 S. Ct. 1090, 1103, 188 L.Ed.2d 46 (2014).

6

138 S. Ct. at 586.

> Although the criminal complaint prepared by Officer Sweeney does not state the source of the information regarding Akins' alleged possession of the rifle, it also does not represent that Officer Sweeney personally observed him carrying and tossing the rifle. Officer Sweeney represented only that he personally retrieved the rifle from in front of Akins' apartment. Thus, the Amended Complaint implies an inconsistency between Officer Sweeney's criminal complaint and his testimony at the preliminary hearing that does not exist. Rather than alleging that Akins, as a matter of fact, did not carry the rifle from his apartment and toss it into the grass, the Amended Complaint simply asserts that Officer Sweeney admitted that he did not personally see him do so. The Amended Complaint does not allege facts to infer that Officer Sweeney lacked a good faith basis to support the statements in the criminal complaint. Akins could have done so simply by alleging that he did not engage in the conduct described by Officer Sweeney and that Officer Sweeney did not have any credible information to support a contrary conclusion when he arrested Akins. Akins has alleged no such facts. Although Akins has alleged in conclusory fashion that Sweeney made false statements in the criminal complaint (*see* ECF No. 20, ¶ 16), he has not specifically identified any such false statement.
>
> The Amended Complaint also alleges that Officer Sweeney did not discover that he was a convicted felon prohibited from possessing a firearm until after he arrested Akins. Thus, Akins asserts that Office Sweeney lacked probable cause to arrest him on this charge because, at the moment of his arrest, Officer Sweeney did not know he was a convicted felon. The flaw in the logic is that Officer Sweeney indisputably had probable cause to arrest Akins on the public drunkenness charge and, even under Akins' theory, probable cause as to the "convicted felon" element of the firearms charge would have ripened as soon as Officer Sweeney checked Akins' criminal records background. Akins' own Amended Complaint acknowledges that his record confirms a prior felony conviction. Because Akins' Amended Complaint does not support a plausible inference that Officer Sweeney lacked probable cause for charges against Akins, his false imprisonment claim will be dismissed.

ECF No. 27 at 8-11 (emphasis in original) (footnote omitted).

In his Second Amended Complaint, Akins has not remedied the deficiencies identified in this Court's prior opinion. Akins alleges no additional facts to support this claim. As before, Akins has not alleged facts from which it could be plausibly inferred that Officer Sweeney lacked probable cause for charges against Akins. Thus, as before, his false imprisonment claim will be dismissed.

B.  Malicious Prosecution

Akins alleges that Officer Sweeney violated the Fourth Amendment by committing the constitutional tort of malicious prosecution.

In order to prove malicious prosecution under 42 U.S.C. § 1983, a plaintiff must allege facts that show: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007).

As he did in the Amended Complaint, in the Second Amended Complaint, Akins easily pleads facts to support the first and second elements of his claim. Specifically, Akins alleges that Officer Sweeney initiated criminal proceedings against him and that although he was convicted of public drunkenness, he was acquitted of the firearms violation. A favorable outcome as to less that all charges can adequately satisfy the second element of the cause of action. *See e.g., Piazza v. Lakkis* 2012 WL 2007112, at *10 (M.D. Pa. June 5, 2012); *Jackson v. Nassan*, 2009 WL 2707447, at *4 (W.D. Pa. Aug. 26, 2009).

However, in dismissing the claim of malicious prosecution presented in the Amended Complaint, this Court found that Akins failed to allege facts from which it could be inferred that there was a lack of probable cause for Akins' prosecution or that Officer Sweeney initiated and pursued the prosecution for a malicious or other improper motive. ECF No. 27 at 13. In the Second Amended Complaint, Akins does not remedy this deficiency. He alleges no additional facts in support of this claim, instead impermissibly relying solely on conclusory statements to establish his claim. This claim is once again dismissed.

C.   Failure to Train or Supervise

Akins asserts a municipal liability claim against the EPD under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978), and a supervisory liability claim against Chief Dacus. These claims are dependent on Akins' alleging a viable constitutional claim against Officer Sweeney. Because Akins has failed to do so, these claims will be dismissed.

In addition, this Court previously dismissed these claims because Akins failed to meet his burden to allege facts to support the existence of a policy or custom of EPD/City of Erie that led to the violation of his constitutional rights, ECF No. 27 at 15-16 (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997)), or to show that Chief Dacus participated in violating Akins' rights, directed others to violate them, or had knowledge of and acquiesced in his subordinates' violations, ECF No. 27 at 16 (citing *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). In the Second Amended Complaint, Akins fails to allege any additional facts to support these claims. Thus, Akins' claims will be dismissed on this basis as well.

V.   Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Akins has filed three complaints in this case and has failed to allege sufficient facts upon which any of his claims could be based. In light of these failures as well as Akins' dilatory filings and inability to comply with Court ordered deadlines in order to timely prosecute this case, the Court finds that further amendment would be futile and inequitable. Accordingly, no leave to amend is granted.

VI.     Conclusion

For the reasons discussed herein, the following order is entered:

ORDER

AND NOW, this 2nd day of December, 2020, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Second) Amended Complaint, ECF No. 32, is GRANTED.

_____
RICHARD A. LANZILLO
United States Magistrate Judge